

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00279-CV

**ROGER MARTIN, INDIVIDUALLY AND
AS SUCCESSOR TRUSTEE OF THE
MARTIN FAMILY TRUST,**

           **Appellant**

 **v.**

**DALE MARTIN,**

           **Appellee**

---

**From the 87th District Court
Freestone County, Texas
Trial Court No. 11-136-A**

---

## REFERRAL TO MEDIATION ORDER

---

Appellant indicated in his docketing statement that this appeal should be referred to mediation.

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-

154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West 2011). Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a) (West 2011); 10TH TEX. APP. (WACO) LOC. R. 9.

The parties are ordered to confer and attempt to agree upon a mediator. Within fourteen days after the date of this Order, Appellant is ordered to file a notice with the Clerk of this Court which either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty days after the date of the order assigning a mediator.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to

understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the mediator's report to the Court is received. Any document filed by a party after the date

of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed August 29, 2018

